**Lawana TABBEE, et al., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 91–1147L.

United States Court of Federal Claims.

March 21, 1994.

Kent A. Higgins, Idaho Falls, ID, for plaintiff.

Andrew M. Eschen, U.S. Dept. of Justice, Environment and Natural Resources Div., Washington, DC, and William McConkie, U.S. Dept. of the Interior, Salt Lake City, UT, for defendant.

## OPINION

SMITH, Chief Judge.

This case is before the court on defendant's motion to dismiss. Plaintiffs' first amended complaint, filed with this court on June 7, 1991,[1] sought declaratory and injunctive relief, as well as monetary damages, from congressional enactment of the Ute Termination Act and from the Secretary of the Interior's subsequent termination of certain federal benefits. On November 3, 1993, this court ruled that plaintiffs' claims, with

---

1. Plaintiffs' original complaint was filed with the United States District Court for the District of Utah on September 5, 1990. By order dated May 31, 1991, the case was transferred to this court where plaintiffs refiled by amended complaint.

the possible exception of the tax refund claim, were barred by the statute of limitations. *Tabbee* I, 30 Fed.Cl. 1. The court therefore granted defendant's motion to dismiss as to all issues other than the tax claim. Plaintiffs were granted 60 days, or until January 4, 1994, to file an amended complaint based on this court's tax refund jurisdiction.

On January 27, 1994, plaintiffs moved to file their second amended complaint out of time. Counts one through eleven of the second amended complaint are identical to those asserted in the first amended complaint. The only difference between the first and second amended complaints is that the second (1) includes as named plaintiffs persons not included in the first complaint, and (2) asserts a claim for relief based upon the alleged overpayment of taxes. By motion dated February 10, 1994, defendant objected to plaintiffs' filing.

After reviewing the amended complaint and the motions of both parties, and after a status conference, the court denies plaintiffs' motion and orders dismissal of the remainder of this action.

## DISCUSSION

RUSCC 15(a), which governs the filing of amendments to pleadings states in pertinent part:

> A party may amend his pleadings once as a matter of course at any time before a response is served.... Otherwise a party may amend his pleadings only by leave of the court or by written consent of the adverse party; and leave shall be given freely when justice so requires.

The proper interpretation of this language can be found in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), in which the Supreme Court held that

> Rule 15(a)[2] declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded ... If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182, 83 S.Ct. at 230.

From this mandate it is clear that, absent extenuating circumstances, a court must freely grant leave to amend. It is also clear, however, that despite the liberal design of Rule 15(a) amendments must not be allowed where prejudice to the non-moving party would result. *See United States v. Hougham*, 364 U.S. 310, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960); *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1970). In this case, permitting plaintiffs to file their second amended complaint would unfairly prejudice the defendant.

In *Tabbee* I, this court ruled that plaintiffs' entire complaint was barred by the statute of limitations with the *possible* exception of a tax refund claim. Thus the court granted defendant's motion to dismiss but allowed plaintiffs 60 days to refile an amended complaint "indicating how their tax claim differs from their other claims and whether the jurisdictional requirements have been met." *Tabbee* I at 7. The court stated that "[i]f no independent legal basis exists for the tax claims ... or if the jurisdictional prerequisites of the court's tax jurisdiction have not been met, the court will issue an order dismissing the tax claim." *Id.*

Plaintiffs' second amended complaint does not follow the mandate of this court's opinion. First, the complaint re-asserts each of the claims that were dismissed by the court as barred by the statute of limitations. Second, while the complaint does add a claim based on the alleged overpayment of taxes, plain-

---

**2.** In *Foman* the Supreme Court was interpreting Rule 15(a) of the Federal Rules of Civil Proce-

dure which mirrors in all material respects Rule 15(a) of this court's rules.

tiffs' counsel has admitted [3] that none of the original plaintiffs to this action meet this court's jurisdictional prerequisites.[4] In recognition of the fact that they would otherwise be incapable of sustaining this action, plaintiffs therefore moved to amend their complaint by naming persons who, on the face of it, appear to meet the court's jurisdictional requirements, but who were not part of the original action.

It is the court's opinion that it would be an abuse of discretion to allow plaintiffs to refile under these circumstances. Plaintiffs admit that, without the addition of newly named plaintiffs, they would be unable to assert a tax claim in this case. In other words, plaintiffs are incapable of adhering to the mandate of *Tabbee* I. In that opinion, the court stated that if, upon filing an amended complaint, plaintiffs were unable to assert an independent legal basis for the maintenance of a tax refund suit, the court would dismiss the action in its entirety. It would unduly prejudice defendants to allow plaintiffs to circumvent that decree by refiling under the name of individuals not parties to the original action. This would, in fact, be a new case. It really should be filed as a new case. There would be no prejudice to the potential new plaintiffs since counsel indicated at the status conference that the refund claim, with respect to these new plaintiffs, was only denied in the summer of 1993.

While proposed plaintiffs are certainly free to file a new complaint the court would note that if its basis is the same as the property claim already ruled upon in *Tabbee* I, as plaintiffs' counsel seemed to indicate at the status conference, plaintiffs might well be wiser to spend their resources on an appeal of this court's decision rather than spending their (and the defendant's and the court's) resources on a matter that has already been decided by the trial court. The efficient administration of justice strongly argues

against relitigating the same dispute in the same court.

## CONCLUSION

For the reasons set forth above, the court denies plaintiff's motion and ORDERS the dismissal of this action in its entirety.

**IT IS SO ORDERED.**

---

3. The admission was made during a status conference held on March 15, 1994.

4. The jurisdictional requirements for the maintenance of a tax refund suit in the Court of Federal Claims are: (1) the taxpayer must have filed a refund claim with the Internal Revenue Service within three years of the date of filing the return or two years of the date of payment of the tax (2)

the complaint generally must be filed no sooner than six months after filing the claim for refund and no later than two years the earlier of (a) a notice of disallowance of the claim or (b) the filing of waiver of notice of disallowance. 26 U.S.C. § 7422(a) (1988); 26 U.S.C. § 6511 (1988); 26 U.S.C. § 6532(1) (1988).